IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: CR208-15

HARIETTE D. STAFFORD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Harriette D. Stafford ("Stafford") is charged with committing bank fraud, in violation of 18 U.S.C. § 1344. Stafford filed a Motion in Limine in which she seeks, *inter alia*, the exclusion of any statements she made in violation of Jackson v. Denno, 378 U.S. 368 (1964). The undersigned conducted an evidentiary hearing on March 9, 2009, at which William Griffin ("Griffin"), a Special Agent with the United States Secret Service, testified.

## FINDINGS OF FACT

The credible testimony at the evidentiary hearing established the following:

In March 2007, Griffin and Detective Len Schmauch ("Schmauch") with the Brunswick Police Department were involved in an investigation concerning the matters set forth in the indictment in this case. Stafford contacted either Griffin or Schmauch and asked if she could come speak to them. On April 23, 2007, Stafford voluntarily came to the Brunswick Police Department with Dan Fowler, a friend of hers, and met with Griffin and Schmauch. Griffin advised Stafford that she was meeting with them

AO 72A
(Rev. 8/82)

voluntarily, she was not under arrest, there were no formal charges pending, and she could leave at any time. Griffin also told Stafford that they were getting her side of the story. Griffin testified that Stafford had a relaxed demeanor during the interview and that she exhibited no concerns that she felt compelled to stay in the interview with Griffin and Schmauch. Griffin also testified that Stafford's freedom of movement was not restrained in any way, nor was the door to the interview room locked. At the end of the interview, Stafford left the room on her own. Griffin stated that neither he nor Schmauch intimidated or coerced Stafford. Griffin also stated the reason the interview took place was because Stafford requested it.

## DISCUSSION AND CITATION TO AUTHORITY

### I. Stafford's Assertion That her Statements Should be Suppressed.

"No person . . . shall be compelled in any criminal case to be a witness against [her]self[.]" U.S. CONST. amend. V. "[T]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards[1] effective to secure the privilege against self-incrimination." Miranda v. Arizona, 384 U.S. 436, 444 (1966). Custodial interrogation means "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of [her] freedom of action in any significant way." Id. The circumstances of each case dictate "whether there is a restraint on the suspect's freedom of movement 'of the degree associated with a formal arrest.'" United States v. Phillips, 812 F.2d 1355, 1360 (11th Cir. 1987) (quoting

---

[1] "Prior to any questioning, the person must be warned that [s]he has a right to remain silent, that any statement [s]he does make may be used as evidence against [her], and that [s]he has a right to the presence of an attorney, either retained or appointed." Miranda, 384 U.S. at 444.

Minnesota v. Murphy, 465 U.S. 420, 430 (1984)). An objective, reasonable person test has been adopted "in cases involving custody issues." Id. at 1359. In applying this test, "the only relevant inquiry is how a reasonable [person] in the suspect's position would have understood [the] situation." Id. at 1360. In other words, the inquiry is whether "a reasonable [person] in the suspect's position would feel a restraint on [her] freedom of movement fairly characterized as that 'degree associated with a formal arrest' to such extent that [s]he would not feel free to leave" the scene. Id. (quoting Murphy, 465 U.S. at 430).

The uncontroverted evidence before the Court establishes Stafford came to the Brunswick Police Department to meet with Griffin and Schmauch voluntarily after she contacted then to request an interview. This evidence also establishes that Stafford's freedom of movement was not restrained during the interview, the door to the interview room was unlocked, and that Stafford left the interview room on her own accord. No reasonable person, under these circumstances, would feel that her freedom of movement was restrained such that she would feel that she was under arrest or otherwise in police custody. Stafford was not entitled to Miranda protections as the evidence establishes that she was not in custody.

II.   **The Voluntariness of Stafford's Statement.**

The United States Supreme Court's holding in Jackson v. Denno, 378 U.S. 368 (1964), governs the voluntariness of confessions, and in pertinent part provides:

> It is now axiomatic that a defendant in a criminal case is deprived of due process of law if [her] conviction is founded, in whole or in part, upon an involuntary confession, without regard for the truth or falsity of the confession, and even though there is ample evidence aside from the confession to support the conviction.

378 U.S. at 376 (internal citation omitted). A confession is not "voluntary" pursuant to the Due Process Clause when law enforcement officials have used coercive conduct. Colorado v. Connelly, 479 U.S. 157, 167 (1986). Coercion can be mental or physical. Blackburn v. Alabama, 361 U.S. 199, 206 (1960); Chambers v. Florida, 309 U.S. 227, 237 (1940). The test for determining if a confession is the result of coercion requires a review of the "totality of the circumstances." Blackburn, 361 U.S. at 206 (citing Fikes v. Alabama, 352 U.S. 191, 197 (1957)). "Sufficiently coercive conduct normally involves subjecting the accused to an exhaustingly long interrogation, the application of physical force or the threat to do so, or the making of a promise that induces a confession." United States v. Thompson, 422 F.3d 1285, 1295-96 (11th Cir. 2005). Government coercion is a necessary predicate to a finding of involuntariness under the Fifth Amendment. However, "[a]bsent police conduct causally related to the confession, there is no basis for concluding that any state actor has deprived a criminal defendant of due process of law." Id. at 1296.

The undisputed evidence before the Court is that Stafford was not intimidated or coerced in any way when she was being interviewed by Griffin and Schmauch. There is no evidence that Stafford was promised anything to provide statements to them. Stafford's statements to Griffin and Schmauch were given voluntarily and are not subject to suppression.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the portion of Stafford's Motion in Limine seeking to exclude the April 23, 2007, statement (Doc. No. 58) be **DENIED**. The Government should be entitled to use Stafford's statements as evidence.

**SO REPORTED** and **RECOMMENDED**, this 9th day of March, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE